

# Fourth Court of Appeals
## San Antonio, Texas

September 19, 2016

No. 04-16-00508-CR

Miguel **AGUILAR,** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2014CRS1753 D4
Honorable Oscar J. Hale, Jr., Judge Presiding

# O R D E R

Miguel Aguilar Jr. filed a timely notice of appeal from the judgments of conviction against him for one count of continuous sexual abuse of a child and three counts of indecency with a child. The trial court signed and filed a certification of Aguilar's right of appeal that states, this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a) (2) (requiring trial court to enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). However, we are first obligated to review the record to ascertain whether the certification is defective. *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). A certification is "defective" if it "proves to be inaccurate" "when compared with the record." *Id.* at 614.

The clerk's record has been filed. It reflects that Aguilar pled not guilty to all four counts, he was found guilty by a jury after a trial, and the trial court imposed punishment. The record does not contain a plea bargain and the judgments affirmatively state that Aguilar was found guilty after a trial by jury. It thus appears that the certification is inaccurate when compared to the record and is defective.

We therefore **abate** this appeal and **order**:

(1) the trial court to review the record and prepare an amended certification of the defendant's right of appeal that comports with the record by **September 29, 2016**;

(2) the trial court to rule on appellant's motion for a free record by **September 29, 2016**; and

(3) the trial court clerk to file a supplemental record by **October 4, 2016** containing the amended certification and the trial court's order on the motion for a free record.


_____
Luz Elena D. Chapa, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 19th day of September, 2016.

_____
Keith E. Hottle
Clerk of Court